IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
JUL 30 2014
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| RUPERT A. BENTLEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | CV 13–128–M–DWM–JCL <br><br><br> ORDER |

I. **Status**

This matter began with the filing of a Complaint by Plaintiff Rupert A. Bentley, Jr. for judicial review of a decision of the Commissioner of Social Security. (Doc. 3.) This Court has jurisdiction to hear the Complaint pursuant to 42 U.S.C. § 405(g). Because of the nature of this action, it was referred upon filing to United States Magistrate Judge Jeremiah C. Lynch. See L.R. 72.2(a)(1). A briefing schedule was set. (Doc. 9.) Consent to Judge Lynch's jurisdiction having been either withheld or met with objection, the matter was referred to Judge Lynch for the entry of proposed findings of fact and recommendations for the disposition of all motions excepted from the jurisdiction of a United States

Magistrate Judge by 28 U.S.C. § 636(b)(1)(A). (Doc. 10.) Plaintiff Bentley filed a Motion for Summary Judgment. (Doc. 11.) After briefing was completed, Judge Lynch entered the proposed Findings and Recommendations now before the Court. (Doc. 17.)

## II. Standard of Review

The portions of Judge Lynch's proposed Findings and Recommendations to which any party objects are reviewed *de novo*, otherwise the report is reviewed for clear error. When proposed findings and recommendations are met with objection, the Court reviews the relevant portions of the United States Magistrate Judge's report *de novo*. 28 U.S.C. § 636(b). When no party objects, the Court reviews the report for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## III. Analysis

The United States objects to two of Judge Lynch's findings and his recommendation that the Plaintiff's Motion for Summary Judgment be granted and this matter remanded for further proceedings. The government claims that Judge Lynch's report and conclusions are erroneous because the Administrative Law

Judge (ALJ) in the administrative proceedings before the Social Security Administration now under review properly considered medical opinion and lay witness evidence to reach the conclusion that the Plaintiff is not disabled under the Social Security Act, 42 U.S.C. § 301 *et seq.*

## A. Consultative Examining Physicians

After *de novo* review of Judge Lynch's report, the parties' submissions, and the transcript of record, it is evident that Judge Lynch's conclusion that the ALJ erred by summarily rejecting the opinion of three consultative examining physicians is well-reasoned and legally justified. This portion of Judge Lynch's report will accordingly be adopted. To reject the controverted opinion of an examining physician, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). Without a specific rationale for the conclusion that the determination of residual functional capacity should stand even in light of each physician's opinion, the ALJ's analysis is incomplete. Such supporting rationale is missing or deficient as to each of the physicians.

As to Dr. Vanichkachorn, the ALJ stated the physician's opinions and then rationalized his conclusion that the opinion should only be entitled to some weight by reference to the fact that Dr. Vanichkachorn examined the patient but only on

one occasion. (Tr. at 31.) Despite the government's insistence to the contrary, this rationale does not meet the standard articulated by the Court of Appeals in *Widmark.* "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (citations omitted). The treatment relationship is but one of many factors to be employed by an ALJ when weighing medical opinion evidence. *See* 20 C.F.R. § 404.1527. The ALJ erred by not adequately supporting his conclusion that the opinions of Dr. Vanichkachorn are entitled to only some weight.

As to Dr. Jenko, the ALJ again provided an insufficient rationale for his conclusion that the doctor's opinion was entitled to little weight. None of the ALJ's analysis discusses the medical opinions set forth in Dr. Jenko's report. (*Compare* Tr. at 31 *with* Tr. at 370-77.) To marshal substantial evidence in support of a conclusion, the ALJ must connect facts with reasons to credit or discredit a medical opinion. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The ALJ may not, as was the case here, state those reasons without supporting warrants. (*See* Tr. at 31.) The ALJ erred by not adequately supporting his conclusion that the opinions of Dr. Jenko are entitled to little weight.

The ALJ concluded that the opinion of a third consultative examining

physician, Dr. Bukacek, was entitled to little weight because it was obtained in preparation for this litigation. (*Id.*) This is not a sufficient basis upon which to conclude that a physician's opinion should be set aside. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). "An examining doctor's findings are entitled to no less weight when the examiner is procured by the claimant than when it is obtained by the Commissioner." *Id.* There is no other basis for the ALJ's conclusion regarding Dr. Bukacek's opinions in the decision below. (Tr. at 31.) The ALJ erred by discounting Dr. Bukacek's opinions solely because of the context in which those opinions were produced.

The government's claim that the errors in handling the opinions of these three examining physicians should be set aside because "no treating physician offered any opinion that [the] Plaintiff was more limited than the ALJ assessed[,]" (Doc. 18 at 3), is not responsive to Judge Lynch's findings and not a reasonable basis on which to set aside the procedural defects Judge Lynch identified. "The Court cannot say with confidence that no reasonable ALJ, when fully crediting these three medical opinions, could have reached a different disability determination." (Doc. 17 at 19.)

### B. Lay Witness Statements

After *de novo* review of Judge Lynch's report, the parties' submissions, and

the transcript of record, it is evident that Judge Lynch's conclusion that the ALJ erred by failing to cite specific and legitimate reasons for discrediting the lay witness statements of the Plaintiff's wife and nephew is well-reasoned and legally justified. This portion of Judge Lynch's report will accordingly be adopted. The ALJ recited the contents of these statements and concluded they should be given little weight because the witnesses were the Plaintiff's family members and were not medically trained. (Tr. at 31.) These reasons are not a valid basis for rejecting testimony of a lay witness. (*See* Doc. 17 at 13-14.)

The government's claim of a split of authority from the Court of Appeals on the question of lay witness testimony from close relations of a Plaintiff is without merit. The contrary authority cited by the government is easily distinguished from the more recent decision relied upon by Judge Lynch, as it involved a constellation of factors set forth by the ALJ in support of a decision to discredit a lay witness' testimony. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). Such a constellation of factors is not present in this case, where the ALJ relied only on the lack of expertise and close relationship of the lay witnesses to discredit their testimony.

The government's claim that the ALJ's error was harmless is equally without merit. The determination that the lay witness testimony mirrored the

Plaintiff's testimony called for in the government's harmless error analysis is not one that can be made by this Court. It would be error for this Court to identify that rationale for rejecting the lay witness testimony as a *post hoc* rationalization for the ALJ's conclusion. *See Stout v. Comm. of Social Security*, 454 F.3d 1050, 1054 (9th Cir. 2006). This Court is constrained to review the reasons the ALJ asserted. Those reasons were faulty. Judge Lynch's conclusion regarding the lay witness testimony will be adopted.

### C. Remaining Issues

No objection was lodged to any remaining portion of Judge Lynch's proposed Findings and Recommendations. In its Objections, the government states its consent to remanding this matter in the event the Court finds reversible error. (Doc. 18 at 9.) The portions of Judge Lynch's report to which no party objects are free of clear error and will be adopted, including the recommendation to remand this matter for further proceedings.

## IV. Conclusion

Judge Lynch properly decided the pending Motion for Summary Judgment. Remand for further proceedings consistent with his report and this Order adopting the same is the proper remedy.

IT IS ORDERED that the proposed Findings and Recommendations for

disposition of this matter entered by United States Magistrate Judge Jeremiah C. Lynch, (Doc. 17), are ADOPTED IN-FULL.

IT IS FURTHER ORDERED that Plaintiff Rupert A. Bentley, Jr.'s Motion for Summary Judgment, (Doc. 11), is GRANTED.

IT IS FURTHER ORDERED that the Commissioner's decision is VACATED and REMANDED pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Order and the Findings and Recommendations hereby adopted. The Clerk of Court shall enter judgment in favor of Bentley and close this case.

DATED this 30th day of July, 2014.

Donald W. Molloy, District Judge
United States District Court